IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| AMANDA GILBERTSON,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>Defendant. | CV 20–166–M–DWM<br><br><br>ORDER |

Plaintiff has filed a motion for attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. 21.) Plaintiff seeks attorney fees in the amount of $7,898.24. The Commissioner has stipulated to this amount. (*Id.*)

Fees and costs may be awarded under the Equal Access to Justice Act when the plaintiff is the prevailing party and the United States' position was not substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Additionally, it is the government's burden to show that its position was substantially justified. *Id.* Here, Plaintiff was granted relief, (Doc. 20), and the order granting such relief was not appealed. Thus, Plaintiff is a prevailing party. Moreover, by stipulating to the amount of fees, the Commissioner makes no

1

attempt at substantial justification for the United States' position. (*See* Doc. 21 at 1.) Thus, Plaintiff may be awarded fees under the Equal Access to Justice Act.

Finally, "[i]t is the district court's prerogative to determine whether a fee award is reasonable." *Schulz v. Saul*, 798 F. App'x 142, 142 (9th Cir. 2020). Here, Plaintiff has not provided any accounting as to the calculation of the fee amount. However, as noted above, the Commissioner does not dispute the amount of fees, and the amount requested is reasonably consistent with amounts requested in similar cases. (*See, e.g. Maloof v. Kijakazi*, 9:20-cv-116-M-DMW (Doc. 21).) Accordingly,

IT IS ORDERED that Plaintiff's motion for fees in the amount of $7,898.24 under the Equal Access to Justice Act, (Doc. 21), is GRANTED.

IT IS FURTHER ORDERED that if, after receiving the Court's Equal Access to Justice Act fee order, the Commissioner (1) determines upon effectuation of the Court's fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, (2) agrees to waive the requirements of the Anti-Assignment Act, and (3) is provided a valid assignment of fees executed by Plaintiff, the fees will be made payable to Plaintiff's attorney and mailed to Plaintiff's attorney's office as follows:

    Andrew T. Koenig
    P.O. Box 2101
    Missoula, MT 59806

However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and check for any remaining Equal Access to Justice Act fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney's office at the address stated above.

DATED this 23rd day of March, 2022.

_____
Donald W. Molloy, District Judge
United States District Court