IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| AMANDA GILBERTSON, | CV 20–166–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security | |
| Defendant. | |

On January 12, 2022, this matter was remanded to the Commissioner of
Social Security for further proceedings regarding Plaintiff's claims for benefits.
(Docs. 19, 20.)  In post-remand administrative proceedings, Plaintiff received a
favorable result and was awarded back-due benefits in the amount of $76,953.00.
(Doc. 23-1 at 3.)  Twenty-five percent of this total, 19,238.20, was withheld
pending approval of attorneys' fees.  (*Id.*)  Pursuant to the parties' stipulation,
Plaintiff's counsel was awarded $7,898.24 under the Equal Access to Justice Act
on March 23, 2022.  (Doc. 22.)  Plaintiff now moves for an award of attorneys'
fees under 42 U.S.C. § 406(b), subject to the offset provisions of the Equal Access
to Justice Act.  (Doc. 23.)  Defendant neither supports nor opposes the motion, but
rather "plays the part . . . resembling that of a trustee for the claimants." *Gisbrecht*

1

*v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).  Because Plaintiff's requested fees are reasonable, the motion is granted.

Counsel representing a claimant in federal court proceedings may access a fee award via both the Equal Access to Justice Act and 42 U.S.C. § 406(b).  *See id.* at 796.  "Under [the Equal Access to Justice Act], a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not substantially justified."  *Id.* (internal quotation marks omitted).  "Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.  Thus, an [Equal Access to Justice Act] award offsets an award under Section 406(b)."  *Id.* (internal quotation marks and citation omitted).  An award under the EAJA was awarded here, (*see* Doc. 23), so any fee awarded under § 406(b) must be offset by Plaintiff's Equal Access to Justice Act award.

"Under 42 U.S.C. § 406(b), a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits."  *Gisbrecht*, 535 U.S. at 792.  In deciding whether a fee agreement is reasonable, courts must consider "the character of the representation and the results the representative achieved."  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808).  The court "first look[s] to the fee

2

agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* While a court may consider an attorney's lodestar in deciding whether an award of fees under section 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee." *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

Upon considering the record and arguments, the fees requested are reasonable. Plaintiff's attorney, Andrew T. Koenig, reports that he spent 39.2 hours litigating this case in federal court, including time for research, review of the file, drafting pleadings and settlement proposals, and meeting with his client and opposing counsel. (Doc. 23 at 9.) Granting the request for $19,238.20 in attorneys' fees would result in an effective hourly rate of $490.77. While this rate exceeds counsel's normal hourly rate of $350.00, courts allow for higher rates in Social Security cases to both respect attorney-client fee agreements and incentivize proper representation. *See Crawford*, 586 F.3d at 1149–50 (noting that "the lodestar method under-compensates attorneys for the risk they assume in representing [Social Security benefits] claimants"); (*see also* Doc. 23-2 (attorney-client fee agreement). The requested fee amount does not exceed the statutory maximum of 25% and the hours counsel expended appear to be reasonable. (*See id.*

3

at 10–13 (timesheet).)  Further, there is nothing in the record to indicate a delay or any other inadequacy of representation.

Accordingly, IT IS ORDERED that Plaintiff's motion for attorneys' fees (Doc. 23) is GRANTED.  The Court awards fees in the amount of $19,238.20 to be paid out of Plaintiff's past-due benefits.  Koenig shall refund Plaintiff the $7,898.24 previously awarded under the Equal Access to Justice Act upon receipt of fees under § 406(b).

DATED this 7ᵗʰ day of December, 2023.

_____
Donald W. Molloy, District Judge
United States District Court

4